UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
VICTOR BISA,

                     Plaintiff,                               **COMPLAINT**

                                                                **Jury Trial Demanded**

      - against -

NORTHWELL HEALTH, INC., GLEN COVE
HOSPITAL and ELIZABETH CAMPBELL,
individually, as an aider and abettor,

                     Defendants.
-------------------------------------------------------------------X

       Plaintiff, VICTOR BISA, by and through his attorneys, LEEDS BROWN LAW, P.C., alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

### JURISDICTION AND VENUE

    1.    This is a civil action based on Defendants' violations of Plaintiff's rights as guaranteed to him by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e, *et seq.*, the New York State Human Rights Law, and any other cause of action which can be inferred from the facts set forth herein.

    2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343.

    3.    The Court's Supplemental Jurisdiction is invoked over State causes of action pursuant to 28 U.S.C. § 1367.

    4.    Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

    5.    The jurisdictional prerequisites to this lawsuit have been satisfied. On October 11,

2019, Plaintiff filed a charge of discrimination with the New York State Division of Human Rights ("NYSDHR"). A copy of this charge was cross filed with the Equal Employment Opportunity Commission ("EEOC").

6. On December 16, 2020, the NYSDHR dismissed Plaintiff's charge of discrimination for administrative convenience. On July 15, 2021, the EEOC issued Plaintiff a right to sue letter. This action was properly instituted within 90 days of receipt of said letter.

## PARTIES

7. Plaintiff, VICTOR BISA ("Victor" or "Plaintiff") is currently a resident of California. At all times relevant to this matter, Victor was a resident of the State of New York, County of Nassau, and an employee of Defendants Glen Cove Hospital ("Glen Cove") and Northwell Health, Inc. ("Northwell") (collectively as "Defendants").

8. At all times hereinafter mentioned, Defendant, NORTHWELL, was and still is a private healthcare corporation of the State of New York, with its principal place of business at 2000 Marcus Ave, New Hyde Park, State of New York, 11042. At all relevant times, Northwell meets the definition of an "employer" under all applicable statutes.

9. At all times hereinafter mentioned, Defendant, GLEN COVE, was and still is a private health corporation of the State of New York, with its principal place of business at 101 St Andrews Ln, Glen Cove, State of New York, 11542. At all relevant times, Glen Cove meets the definition of an "employer" under all applicable statutes.

10. At all times hereinafter mentioned, Defendant, ELIZABETH CAMPBELL ("Campbell"), was the Director of Patient Care/Nurse Manager at Glen Cove and was Plaintiff's supervisor. Further, because she can make personnel decisions, she is an employer under the applicable State Laws. As set forth herein, Campbell actually participated in the unlawful conduct.

## FACTUAL BACKGROUND

11. In or around July 2012, Victor began working at Northwell as a Nurse Manager at Long Island Jewish Medical Center.

12. In or around February 2013, Victor left Northwell.

13. In or around October 2013, Victor began working at South Nassau Medical Center as Assistant Nurse Manager.

14. In or around April 2014, Victor re-joined Northwell and worked at Lenox Hill Hospital as a Nurse Manager.

15. In or around September 2015, transferred to Glen Cove Hospital as a staff nurse in the operating room.

16. Victor was one of the only male nurses working in this department.

17. Beginning in 2016, Campbell and Victor's co-workers started making discriminatory gender-based comments towards him. Some examples of the comments that Victor currently recalls include, but are not limited to, the following:

   a. Campbell telling Victor words to the effect of "you are below everyone else because you are a man."

   b. In or around early 2018, female nurses Karen Sanzone and Linda Kaiser repeatedly referring to Victor as a "waterboy."

   c. In Spring 2018, while working with a female surgical tech, Snide DeLouis ("DeLouis"), De Louis commented to Victor words to the effect of, "you have to listen to me, I am the queen here."

   d. In October 2018, female nurse, Jan Goodman ("Goodman") stating words to the effect of "only a female nurse should bring a female patient to the operating room."

        When Victor complained to Campbell regarding Goodman's comment, Campbell responded "well, there goes an old school nurse for you."

    e. In November 2018, after Victor submitted a poster presentation to American Nurses Credentialling Center, Campbell commented to Victor that his presentation was "too male driven" or words to that effect.

18. These and other comments of a similar ilk were made in front of staff and colleagues. These comments were demeaning, offensive, and unwelcome to Victor, and they caused him to feel extreme embarrassment.

19. Beginning in or around April/early May 2018, Victor began complaining to Campbell about gender discrimination within the unit. Following these complaints, Victor was singled out for retaliatory write-ups based on false or frivolous time and attendance infractions.

20. Specifically, in or around late April/early May 2018, Victor repeatedly complained to Campbell that he was referred to as "water boy" in the operating room and bullied by the female nurses because of his gender. Campbell replied, "that's funny," and laughed in his face. During this conversation, Victor also complained about the lack of gender diversity within the department.

21. In or around June/July 2018, Campbell issued Victor a disciplinary warning for alleged tardiness. Victor complained to Campbell that other female staff members were not similarly disciplined even though they often arrived at the same time as him. Upon information and belief, this disciplinary warning was issued in retaliation for Victor's complaints of gender discrimination.

22. As referenced above in paragraph 17(d), in or around mid-October, Victor complained to Campbell about Goodman's comment that, "only a female nurse should bring a female patient to the operating room." Victor told Campbell that he felt singled out and

discriminated against because of his gender, or words to that effect. Campbell responded, "well, there goes an old school nurse for you," and did not take any corrective action.

23. Approximately two weeks later, on October 29, 2019, Campbell issued Victor a two-day suspension for alleged lateness. This occurred in the presence of Nurse Manager, Vincent Thorpe ("Thorpe") and Assistant Nurse Manager, Linda Kaiser ("Kaiser"). However, on the day in question, Victor arrived at 6:57am, three minutes prior to the start of his 7am shift, and he was on time for the morning brief. Victor complained that he was being suspended even though he arrived early.

24. To justify this wrongful suspension, Defendants created a fictitious disciplinary notice and included it in Victor's employment file. The notice falsely stated that Campbell had counseled Victor regarding arriving to work on time on March 9, 2018 and warned that further latenesses would result in suspension. However, the notice indicates that it was signed by Campbell and the Department Head, Cathleen Devlin ("Devlin") on June 26, 2017, almost a year *before* the alleged counseling occurred. Moreover, Devlin was no longer the department head in March of 2018, the date upon which she allegedly signed the notice. Upon information and belief, Defendants copied Devlin's signature from another document and created this false disciplinary notice as a pretext to mask their discriminatory and retaliatory conduct.

25. On October 30, 2018, Victor called Glen Cove's Director of Human Resources, Carmen Macaluso ("Macaluso") and complained that his suspension was discriminatory and retaliatory.

26. The following day, Victor emailed Macaluso a complaint of gender discrimination and sexual harassment. Specifically, Victor wrote, in part:

> I am singled out in this situation that leads me to think that there is favoritism and unfair treatment in our department. It also reminded me of a statement made by my then Manager, Elizabeth Campbell, that I am "below anyone else because I am a man" This incident happened when I was talking to a colleague in the OR lounge room and she made that statement in front of my co-workers. This is a form of sexual harassment, and since that statement was made I distanced myself from my co-workers because I was the only male nurse at the time. The incident happened again 2 weeks ago when a female co-worker mentioned that "a female nurse should bring a female patient to the operating room table" I felt sexually harassed and belittled by my female co-workers statement.

27. On November 2, 2018, via email, Victor again complained to Macaluso regarding his suspension and Campbell behaving in a hostile manner towards him.

28. Macaluso failed to respond to either of these complaints.

29. Due to the lack of response from Macaluso, on or around November 6, 2018, Victor contacted Senior Specialist Employee Relations, Christian Lee ("Lee"), and complained of gender discrimination. Victor forwarded his October 31, 2018 and November 2, 2018 complaints to Lee.

30. That same day, Victor also sent Lee an addendum to his October 31st complaint. In this Addendum, Victor expanded on the disparate treatment he faced and outlined a specific instance of female nurses arriving late to the morning brief without discipline.

31. On or around November 8, 2018, Victor met with Lee and Advice and Counsel Center Associate, Dimitrios Gounelas ("Gounelas") and gave his first-hand account of the written complaints he submitted. During this meeting, Victor provided specific names of female employees that arrived later than him but were not similarly disciplined, including RN Joy Eisenberg, RN Jan Goodman, RN Linda Hayes, and Surgical Technicians Kim Kohronas and DeLouis. Although Gounelas promised to investigate the matter, neither Gounelas nor Lee contacted Victor to follow up.

32. On December 27, 2018, Victor emailed Lee and Gounelas requesting an update on

their investigation. Lee did not respond to Victor's request for an update until January 2, 2019.

33. On January 10, 2019, Victor received a letter from Gounelas, stating that Northwell investigated Victor's concerns and determined his allegations were unsubstantiated.

34. However, Victor conferred with a witness he provided to Gounelas, who confirmed that they were not questioned by Human Resources. Moreover, Gounelas refused to confirm whether other female employees were treated similarly to Victor.

35. Instead, on February 8, 2019, Campbell and Thorpe terminated Victor for alleged tardiness. However, on the day in question, a female RN, Joy Eisenberg, clocked in *after* Victor but was not similarly terminated.

36. Upon information and belief, Victor was terminated based on his gender and in retaliation for his opposition to the above-mentioned discriminatory practices.

37. As a result of Defendants discriminatory and retaliatory termination, Victor has suffered both financially and emotionally.

## CLAIMS FOR RELIEF

38. As described above, Defendants Northwell and Glen Cove subjected Victor to a hostile work environment and adverse employment actions motivated, in part, by his gender as well as his opposition to discriminatory practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* and the New York State Human Rights Law §296 *et seq.*.

39. As described above, Defendant, Elizabeth Campbell, aided and abetted these actions by subjecting Victor to a hostile work environment and adverse employment actions based on his gender and retaliatory animus in violation of New York State Human Rights Law, N.Y. Exec. Law §290 *et seq.*

**WHEREFORE**, Plaintiff demands judgment for compensatory, emotional, physical, and punitive damages (where applicable), as well as lost pay, front pay, interest, and any other damages permitted by law. Plaintiff also demands judgment against defendants for each cause action and for all applicable and permissible damages, in an amount to be assessed at the time of trial. Plaintiff further demands all attorneys' fees, disbursements and other costs and all further relief, equitable or otherwise, to which Plaintiff is entitled and/or which the court deems just and proper.

Dated: Carle Place, New York
October 5, 2021

LEEDS BROWN LAW, P.C.
Attorneys for Plaintiff
One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 873-9550

_____
Aaron Ferri